PETERSON (WONSON v.). See Case No. 17,-934.

## Case No. 11,038.

PETERSON et al. v. WOODEN et al.

[3 McLean, 248;[1] 2 Robb, Pat. Cas. 116.]

Circuit Court, D. Ohio. July Term, 1843.

PATENTS — CLAIM EXCEEDING THE INVENTION—FAILURE TO SET FORTH IMPROVEMENT IN DECLARATION—DEMURRER.

1. If the patentee claims more than he has invented, his patent is not void, as under the former law; but, so far as his invention goes, he is protected.

[Cited in brief in Rheem v. Holliday, 16 Pa. St. 350.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. But where the claim is for an improvement of a machine, the patentee must show in what the improvement consists.

3. In a declaration, the improvement must be stated as an essential part of the plaintiff's right; and if this be not done the declaration is demurrable.

At law.

Mr. Storer, for plaintiffs.
Mr. Fox, for defendants.

OPINION OF THE COURT. This is an action for the violation of a patent right. In their declaration, the plaintiffs [Peterson & Peterson] state, that they have invented a "new and useful improvement in the cooking stove," which improvement, they state, has not been known or used. The schedule which is set out in the declaration, describes the structure of the stove in all its parts, but no where describes in what the improvement consists. And on that ground the defendants demurred to the declaration. Prior to the act of the 4th of July, 1836 [5 Stat. 117], if the patentee claimed more than he had invented, his patent was void. But, under the decision of the supreme court, he was permitted to surrender his patent and take out a corrected one. The 13th section of the above act provides, that "where a patent is invalid by a defective or insufficient description or specification, or by reason of the patentee claiming in his specification, as his own invention, more than he had invented, if done through inadvertence, on surrendering the patent, the patentee may obtain a new patent for the residue of the period unexpired of the original patent." And in all cases of infringement subsequent to the date of the amended patent, it is declared to be valid. The fifteenth section of the same act provides, that, under the general issue and notice, the defendant may controvert the truth of the specifications.

The ninth section of the act of 3d March, 1837 [5 Stat. 191], provides, that, where the patentee has claimed more than he has invented, "the patent shall still be deemed good and valid for so much of the invention as shall be truly and bona fide his own, provided it shall be a material and substantial part of the thing patented, and be definitely distinguishable from the other parts so claimed without right as aforesaid." Now although the patent is not void when the patentee claims more than he has invented, yet, in his specification, he must state in what his improvement consists. He does not claim, in this case, the invention of a cooking stove, but an improvement on such stove; but in no part of the declaration is it stated what this improvement is. Had he claimed the invention of the stove, under the above statute of 1837, the invention would have been good. so far as it extended. This is an essential part of the plaintiffs' case, and should be set out in the declaration. And as this has not been done, the declaration is demurrable. Leave is given to the plaintiffs to amend their declaration.